WARD, APPELLEE, *v.* BICKERSTAFF ET AL., APPELLANTS.

(No. 720—Decided December 9, 1946.)

Mr. *Alva W. Bachman,* for appellee.
Mr. *Karl E. Mollenberg* and Mr. *Kenneth Adams,* for appellants.

CONN, J. This cause was submitted to this court as an appeal on questions of law from a judgment entered by the Court of Common Pleas of Wood county for the plaintiff and against the defendants, in an action for specific performance of a contract for the purchase of real estate by the plaintiff from the defendants. The defendants appeal.

It appears from an examination of the transcript of the docket and journal entries that the finding and judgment entry was filed on March 18, 1946, and that the motion for a new trial was filed on March 26, 1946, which was more than three days from the entry of the finding and judgment. Under the provisions of Section 11578, General Code, prior to the recent amendment of such section, a motion for a new trial must have been made within three days after the rendition of the verdict or decision complained of. Such amendment became effective October 11, 1945. The petition in this case was filed on October 10, 1945, and, under the provisions of Section 26, General Code, the amendment does not affect pending actions, as it is not otherwise expressly provided in the amending act. Therefore the amended statute does not here apply.

Notwithstanding the state of the record already referred to, we have examined the assignments of error and considered the case on its merits. Defendants claim that the judgment is not sustained by the evidence and is contrary to law, and that the plaintiff is not entitled to specific performance because the alleged memorandum is insufficient under the statute of frauds. They claim, also, that the alleged memorandum is insufficient as a basis for any action for specific performance for the reason that there is no mutuality of remedy and equity will not decree specific performance where the remedy is not mutual.

Defendants claim that the receipt or memorandum does not comply with the statute of frauds and is insufficient as a matter of law for the reason that the memorandum is uncertain and incomplete. The statute referred to, Section 8621, General Code, provides that no action shall be brought on a contract for the sale of lands "unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing, and signed by the party to be charged therewith * * *." We observe that the requirement that the agreement must be in writing is stated alternatively. Either the agreement must be in writing or some memorandum or note thereof.

The statute does not deal with the substance of the agreement or prescribe its form or manner of execution. It does provide that no action can be maintained on an oral agreement for the sale of lands or upon parol evidence alone.

If the writing be merely a memorandum or note, it would not be a complete contract and no inference would arise that it was so intended by the parties. Rather, it would indicate a degree of nakedness which later on might be clothed with factual details, within the sound discretion of the court.

In an action for specific performance on such memorandum, the trial court, subject to the rules of evidence and in the exercise of its sound discretion, may, in the furtherance of equity and justice, admit parol evidence to amplify the memorandum so as to enable the party claiming thereon to show the contract between the parties. 37 Ohio Jurisprudence, 189, Section 173.

In the instant case, the writing is as follows:

"Bowling Green, Ohio, Sept. 22, 1945.

"Received of Ellsworth Ward one hundred dollars

$100 part payment on inlot 1136 and inlot 1137, at a cost of $5,000.

"Robert Bickerstaph
"Helen Bickerstaph."

It is apparent that the writing is not a formal written agreement for the sale of lands. That it is "some memorandum or note" in writing, signed by the parties to be charged therewith, is also apparent, and, under the statute (Section 8621, General Code), an action thereon may be brought.

The defendants in their answer denied the allegations of plaintiff's petition, and by way of second defense pleaded that the alleged contract was not in writing as required by the statute of frauds. No further defense was pleaded. Upon the trial, the signing of the memorandum and the receipt of the partial payment on the purchase price were admitted by defendants. Helen Bickerstaff testified that she did not know the sale price was $5,000, although it was so stated in the memorandum which she and her husband signed. No defense of fraud or mistake was made, or that the plaintiff had failed to perform or had made default in any manner in respect to the contract. The evidence affirmatively shows that the plaintiff promptly arranged for the payment of the remainder of the purchase money, that a definite date for closing the transaction was fixed, but that defendants refused to perform.

We have examined the cases cited by the defendants, including the case of *Kling, Admr.*, v. *Bordner*, 65 Ohio St., 86, 61 N. E., 148, which is regarded as a leading case in this state. In that case, however, the facts bear but slight similarity to those in the instant case, and the rules of law contained in the syllabus of the former case do not have unlimited application. In

other words, the rule of law announced in the syllabus of a decision by the Supreme Court must be read in the light of the facts of that particular case and may not be given application in a subsequent case where the facts are substantially dissimilar.

It is contended by defendants further that one of the tests that plaintiff must meet in this case is that the right to the remedy of specific performance must be mutual. The doctrine of mutuality of remedy, as illustrated in the reported cases, is somewhat confused. While mutuality of remedy may be a satisfactory test in some cases, it is not a rule of universal application to which all other principles of equity jurisprudence pay homage, nor is it a limitation on the power of a court of equity to decree specific performance in a particular case. 49 American Jurisprudence, 46, Section 34; 2 Restatement of Contracts, Section 372; 4 Pomeroy's Equity Jurisprudence (5 Ed.), 1040, Section 1404.

We call attention to the general rule as announced in the first paragraph of the syllabus in *City of Tiffin* v. *Shawhan,* 43 Ohio St., 178, 1 N. E., 581, as follows:

"The duty of a court of equity to decree specific performance of a contract to convey real estate, can not be determined by any fixed rule, but depends upon the peculiar facts and equitable considerations of each case, and rests in the sound discretion of the court, guided and regulated, however, in the exercise of that discretion, as far as may be, by precedent and established practice."

In view of the authorities cited and numerous reported cases, the right to have a contract specifically enforced abides in the sound discretion of the court. 37 Ohio Jurisprudence, 24, 203, Sections 20, 187.

It appears that there has been no inequitable conduct on the part of the plaintiff, and that the relief

prayed for is in harmony with the principles of equity jurisprudence. It appears from the record also that the judgment of the trial court makes effective the. actual intent of the parties and is grounded upon justice and fair dealing.

*Judgment affirmed..*

CARPENTER and STUART, JJ., concur.